IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY LEWIS,

        Petitioner,               No. CIV-S-07-1377 JAM KJM P

    vs.

IVAN CLAY,

        Respondent.         FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his conviction and sentence for voluntary manslaughter, in a petition filed on June 21, 2007. Respondent argues that this action is time-barred.

        Title 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

/////

/////

1

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  Petitioner's conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on May 16, 2000 when time expired for petitioner to file a writ of certiorari with the United States Supreme Court concerning the California Supreme Court's denial of his petition for review. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Resp't's Lodged Docs. 3-4 (including state Supreme Court's denial of petition on February 16, 2000). Before May 16, 2000, petitioner filed habeas petitions in Glenn County Superior Court and the California Court of Appeal. The latter was resolved by a denial on April 20, 2000. Resp't's Lodged Doc. 8. These early petitions do not provide a basis for tolling. Hill v. Keane, 984 F. Supp. 157, 159 (E.D.N.Y. 1997), abrogated on other grounds, Bennett v. Artuz, 199 F.3d 116, 122 (2d Cir. 1999); cf. Tillema v. Long, 253 F.3d 494, 498 (9th Cir. 2001) (motion to vacate sentence filed in state court before limitations period began to run, and decided well after, tolled statute). There does not appear to be any basis to toll the limitations period between May 17, 2000 and May 16, 2001. Although petitioner filed additional habeas petitions at all levels of state courts between October 28, 2002 and September 6, 2005, with the last petition to the Supreme Court denied on June 21, 2006, none of these petitions can serve to toll the time for filing a federal petition either. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Therefore, this action should be dismissed as time-barred.

/////

1  Accordingly, IT IS HEREBY RECOMMENDED that:

2  1. Respondent's motion to dismiss (#10) be granted; and

3  2. This action be dismissed.

4  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 10, 2008.

U.S. MAGISTRATE JUDGE

1
lewi1377.157